522 A.2d 1376

**Anthony R. SOUZA, et ux,**

v.

**COLUMBIA PARK AND RECREATION ASSOCIATION, INC., et al.**

**No. 795, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

April 8, 1987.

David A. Carney, Columbia (Michael S. Molinaro, Columbia, on the brief), for appellants.

David H. Bamberger, Baltimore (Francis B. Burch, Jr., Piper & Marbury, Baltimore, on the brief), for appellees.

Argued before KARWACKI, ROBERT M. BELL and WENNER, JJ.

WENNER, Judge.

Appellants, Anthony R. Souza and Roseanne S. Souza, purchased Lot 243, Section 1, Area 2, in the Village of Hickory Ridge, Columbia, Maryland, in 1979. The lot was shown on a recorded plat[1] of the Hickory Ridge Subdivision, and was purchased with the knowledge that the property was subject to the "Hickory Ridge Village Covenants," recorded at Liber 559, folio 437 of the land records of Howard County.

Section 8.01 of Article VIII of the Hickory Ridge Village Covenants provides in pertinent part:

Without the prior written approval of the Architectural Committee:

(a) No lot shall be split, divided, or subdivided for sale, resale, gift, transfer or otherwise;

. . . . .

The Souzas wanted to divide their lot into four smaller parcels and in accordance with the covenants sought the approval of the Architectural Committee. The Committee denied the Souzas' request to subdivide the lot, and its decision was appealed to the Hickory Ridge Appeals Board. The Board upheld the decision of the Committee. Nonetheless, the Souzas obtained subdivision approval from Howard County[2] and recorded a plat subdividing the property.[3] The Columbia Park and Recreation Association, Inc., et al., appellees, filed suit in the Circuit Court for Howard County to enforce the restrictive covenants and sought an injunction directing the Souzas to re-join the parcels to recreate the original Lot 243. The Circuit Court (Nissel, J.) granted the relief sought by appellees and this appeal followed. We shall affirm.

---

1. Howard County Land Records Plat Book 25, folio 34.

2. The Howard County Zoning Regulations apparently permitted the subdivision of Lot 243. This appeal is limited to the effects of the Hickory Ridge Village Covenants.

3. Plat No. 5807, among the Land Records of Howard County.

The Souzas argue, as they did below, that the covenant prohibiting subdivision of their lot unless approval is obtained from the Committee is unenforceable since it contains no criteria explaining how an application to subdivide will be evaluated. Moreover, they contend that the denial by the Committee and the Board of their request for subdivision approval was arbitrary and unreasonable, and as such it was error for the trial court to affirm those decisions.

We think it important to note at the outset that appellants purchased a platted lot in an already subdivided area of a well-known *planned* community, a community in which they had lived for several years prior to purchasing Lot 243. The Deed, Agreement and Declaration of Hickory Ridge Village Covenants clearly state that the covenants "shall run with, bind and burden the Property ..." and "shall be binding upon (i) the Grantee, her heirs, executors, administrators and assigns...." In addition, appellants agree that the covenants apply to and govern their use of their lot; they only question the enforceability of the covenants and the propriety of the actions of the Committee and the Board.

## I.

As we have observed, appellants argue that the covenant in question contains no criteria for the evaluation of applications to subdivide and should, therefore, be declared unenforceable. We agree with the trial court that in accordance with *Kirkley v. Seipelt,* 212 Md. 127, 128 A.2d 430 (1957) such covenants are enforceable provided that "any refusal to approve ... would have to be based upon a reason that bears some relation to the other buildings or the general plan of development; and this refusal would have to be a reasonable determination made in good faith, and not high-handed, whimsical or captious in manner." *Id.* at 133, 128 A.2d 430. *See, also, Thompson v. Gue,* 256 Md. 32, 34 n. 1, 259 A.2d 272 (1969); *Carroll County v. Buckworth,* 234 Md. 547, 200 A.2d 145 (1964). Appellants'

reliance on *Harbor View Improvement Assn., Inc. v. Downey, et al.,* 270 Md. 365, 311 A.2d 422 (1973) is misplaced, inasmuch as *Downey* is distinguishable on its facts from the case *sub judice.* Although the covenant at issue in *Kirkley* required approval to build or alter a building, we see no reason why we should not apply its rationale to the case *sub judice* because, as the Court said in *Kirkley,* "the parties had a right voluntarily to make this kind of a contract between themselves ..." 212 Md. at 133, 128 A.2d 430.

We hold that the covenant in question is enforceable within the standards enumerated in *Kirkley.*

## II.

In denying appellants' request for approval to subdivide Lot 243, the Architectural Appeals Board gave the following reasons:

It is the opinion of this Appeals Board that any subdivision of Lot 243 would be contrary to the best interest of the community.

We think it is important to uphold the original design concept of Clemens Crossing. The interspersion of estate lots among smaller lots has been a viable, successful arrangement. Lots were purchased, homes were built and major decisions were made based on the Final Development Plan for this area. Such planning and adherence to plan is a fundamental part of the Columbia concept.

Furthermore, the environmental factors which were considered in the original design concept are still present and continue to be valid reasons for limiting development on Lot 243 to one residential unit.

The Board's language clearly indicates that the decision to disapprove the application to subdivide was based upon a desire to adhere to the development plan and to protect the interests of those who had bought lots in the neighborhood and built upon them in reliance upon the plan for the area. The Committee also considered the environmental factors

which were considered by the developer when he made the original subdivision of the property.

We agree with the trial court's determination that "[t]he refusals of Defendants' [appellants'] application appear ... to have been based upon reasons bearing a relation to the general plan of development of the Hickory Ridge Community." Inasmuch as we have no basis on which to find that the action denying the application was in bad faith, high-handed or in any way improper,[4] we hold that the trial judge's determination is not clearly erroneous. Rule 1086.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.

---

4. Appellants raise as improper conduct the alleged ex parte contact of Howard Research & Development Corporation, the developer of Columbia, with members of the Board; however, they point us to no case law which prohibits ex parte contact with members of non-public boards or committees.